# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 20-CV-1780

CARLOS A. TORALES-GOLDRING, an individual,

      Plaintiff,

v.

LINEBARGER GOGGAN BLAIR & SAMPSON, LLP, a Texas limited liability partnership,

      Defendant.

**CLASS ACTION**

## COMPLAINT

Plaintiff Carlos A. Torales-Goldring, individually, and on behalf of all others similarly situated, sues Defendant Linebarger Goggan Blair & Sampson, LLP, a Texas limited liability partnership, and alleges as follows:

### INTRODUCTION

1. This is an action brought by Carlos A. Torales-Goldring, an individual consumer (the "**Plaintiff**"), against Linebarger Goggan Blair & Sampson, LLP, a Texas limited liability partnership (the "**Debt Collector**"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter, "**FDCPA**"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. The Debt Collector is a national debt collection law firm with offices in a dozen different states, specializing in the collection of taxes, traffic citations, parking tickets, and toll-road tolls. The Debt Collector collects these debts through traditional means of debt collection, such as letters and phone calls, and through litigation. This case concerns the Debt

Collector's efforts to collect toll-road debts in Colorado. The Debt Collector serves collection complaints on consumers seeking judgment on for unpaid tolls incurred on privately owned toll-roads. Before serving a consumer with a lawsuit to collect unpaid toll-road tolls, the Debt Collector files the lawsuit together with an electronically filed proposed judgment. The proposed judgment, which is not served on the defendant, includes attorney fees. After filing a lawsuit and tendering a proposed judgment seeking attorney fees, the Debt Collector serves the lawsuit but does not disclose to the consumer that the Debt Collector has sought or intends to seek attorney fees for its efforts. This practice is unfair, deceptive, and violates multiple provisions of the FDCPA.

## JURISDICTION

3.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

4.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

5.  Plaintiff is an individual who resides in the City and County of Broomfield, State of Colorado.

6.  Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

7.  The Debt Collector is a Texas limited liability partnership that collects debts from consumers in the State of Colorado.

8.  The Debt Collector has a place of business at 11001 West 120th Avenue, Suite 215, Broomfield, Colorado 80021.

9.  The Debt Collector maintains a registered agent of the Corporation Service Company at 1900 W. Littleton Boulevard, Littleton, Colorado 80120.

10. The Debt Collector regularly attempts to collect debts from consumers alleged to be due another.

11. The Debt Collector is engaged in the collection of debts from consumers using the mail and telephone.

12. The Debt Collector is engaged in a business, the principal purpose of which is the collection of debts.

13. The Debt Collector is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS

**A.  The Northwest Parkway.**

14. The Northwest Parkway is a privately owned toll-road north of the Denver metropolitan area.

15. In 1999, the City and County of Broomfield and the City of Lafayette formed the Northwest Parkway Public Highway Authority (the "**Authority**") for the purpose of building a highway-authority-financed highway linking E-470 at I-25 to U.S. Highway 36 without the use of taxpayer money.

16. The Northwest Parkway is entirely privately funded.

17. On November 21, 2007, after traffic and toll collection commenced on the Northwest Parkway, the Authority entered into a 99 year concession and lease agreement with Northwest Parkway LLC, a Colorado limited liability company (the "**Operator**") for the operation and maintenance of the Northwest Parkway.

18. The Operator is a privately owned company.

19. The Operator collects tolls from users of the Northwest Parkway in two ways: GO-PASS or ExpressToll.

20. When a GO-PASS user drives on the Northwest Parkway, the Operator records the user's license plate number. The Operator then bills the user by invoice. Payment may be made through either a pre-authorized automatic transaction or direct payment on the invoice.

21. An ExpressToll user establishes an ExpressToll account and receives a transponder. When the ExpressToll user drives on the Northwest Parkway, the Operator records use of the toll-road through the transponder, and the Operator then debits the ExpressToll account.

22. When tolls remain unpaid through either GO-PASS or ExpressToll, the Operator sends invoices and notices to the user requesting payment.

**B.     The Debt Collector.**

23. The Debt Collector is a law firm that specializes in the collection of unpaid toll-road tolls.

24. When tolls are not paid for use of the Northwest Parkway, through either the GO-PASS program or through ExpressToll, the Operator directs the Debt Collector to collect the unpaid tolls.

25. The Debt Collector sends one or more letters to the user seeking payment on the unpaid tolls.

26. If the Debt Collector's efforts to collect the unpaid tolls through mail or telephone are unsuccessful, the Debt Collector files a lawsuit on behalf of the Operator against the user to reduce the obligation to judgment.

27. To commence the lawsuit, the Debt Collector files a summons, complaint with exhibit, and an affidavit of indebtedness and business records signed by an agent of the Operator.

28. Each of the documents the Debt Collector files to commence the lawsuit are template-based documents, meaning that the substance of the documents does not change except with respect to the individual defendant being sued.

29. In the complaint, and its corresponding template, the Debt Collector seeks payment of the unpaid tolls and additional fees.

30. In the complaint, and its corresponding template, the Debt Collector does not itemize or reference attorney fees as an amount to be charged to the defendant.

31. The complaint, and its corresponding template, incorporates a business records affidavit itemizing the total amount of tolls and fees being sought.

32. The business records affidavit is also a template-based document.

33. The business records affidavit, and its corresponding template, itemizes the amount of tolls and fees being charge by license plate number.

34. The business records affidavit, and its corresponding template, does not include any "fee" for attorney fees.

35. The complaint, and its corresponding template, incorporates a spreadsheet itemizing the total amount of tolls and fees being sought.

36. The spreadsheet is also a template-based document.

37. The spreadsheet, and its corresponding template, itemizes the amount of tolls and fees being charged by license plate number.

38. The spreadsheet, and its corresponding template, does not include any "fee" for attorney fees.

39. At the time the Debt Collector files the lawsuit, the Colorado courts' electronic filing system requires the Debt Collector to enter a "proposed judgment".

40. The proposed judgment is not served upon any defendant.

41. If the defendant does not answer the Debt Collector's complaint, the court enters the proposed judgment as a final judgment without a motion for default judgment.

42. In this proposed judgment, the Debt Collector adds $350.00 for attorney fees.

43. The $350.00 charge for attorney fees is not disclosed to the defendant in the complaint, affidavit, spreadsheet, or otherwise.

44. Only an attorney with access and familiarity with the Colorado courts' electronic filing system would recognize or know that the Debt Collector is seeking an award of attorney fees.

45. After filing the lawsuit and entering a proposed judgment including $350.00 for attorney fees, the Debt Collector serves the user with the summons, complaint, affidavit, and spreadsheet.

46. The defendant is unaware that the Debt Collector is seeking an award of attorney fees for which the defendant may or may not be liable.

47. It is or was the policy and practice of the Debt Collector to serve lawsuits that do not disclose to the defendant that the Debt Collector is seeking an award of attorney fees while simultaneously seeking an award of those undisclosed fees from the Court.

**C.    The Debt Collector's Efforts To Collect Northwest Parkway Tolls From Plaintiff.**

48. Plaintiff has used the Northwest Parkway for personal reasons including personal travel.

49. Plaintiff has incurred tolls to the Operator that he did not pay by the time they were due.

50. The Operator then forwarded the unpaid and delinquent tolls to the Debt Collector for collection.

51. On or about March 24, 2020, the Debt Collector sent a dunning letter to the Plaintiff threatening a lawsuit if the unpaid tolls were not paid within thirty days.

52. This dunning letter fails to include the information required by U.S.C. § 1692g(a) and the mini-miranda required by 15 U.S.C. § 1692e(11).

53. On or about May 1, 2020, the Debt Collector filed a lawsuit on behalf of the Operator against Defendant to collect the allegedly unpaid tolls due and owing to the Operator.

54. In the complaint, affidavit, and spreadsheet, there is no mention of attorney fees to be charged to Plaintiff (Mr. Torales-Goldring) if the Operator prevails in the lawsuit.

55. Without disclosing this fact to the Plaintiff, the Debt Collector filed a proposed judgment seeking $350.00 in attorney fees.

56. Attorney fees may only be awarded to the Operator if there is a statute or contract authorizing an award of attorney fees.

57. The Debt Collector is not entitled to collect any attorney fees from Plaintiff.

58. On or about May 7, 2020, the Debt Collector served the summons, complaint, affidavit, and spreadsheet on Plaintiff.

59. Upon receiving the summons, complaint, affidavit, and spreadsheet, Plaintiff was unaware that the Debt Collector had sought attorney fees.

60. On or about May 20, 2020, Plaintiff contacted the Debt Collector concerning the lawsuit and amounts that the Debt Collector was attempting to collect.

61. To date, Plaintiff has not received a communication that complies with 15 U.S.C. § 1692g(a).

**D.   Class Action Allegations.**

62. This action is brought on behalf of a class consisting of: (i) all persons with vehicles registered in the State of Colorado; (ii) who the Debt Collector has filed a lawsuit against in the county court for the City and County of Broomfield, State of Colorado; (iii) for the collection of unpaid tolls for use of the Northwest Parkway; (iv) where the vehicle used

on the Northwest Parkway was registered to an individual and not registered for commercial purposes; (v) where the proposed judgment seeks an award of attorney fees that are not disclosed in the complaint, affidavit, or spreadsheet, (vi) during the one year period prior to the filing of the complaint in this action.

63.     Plaintiff alleges, on information and belief, that the Debt Collector has filed numerous lawsuits in the county court for the City and County of Broomfield, State of Colorado where the proposed judgment seeks an award of attorney fees that are not disclosed in the complaint, affidavit, or spreadsheet such that the class is so numerous that joinder of all members is impractical.  Based on the publically available records, Plaintiff estimates that the class includes at least eighty five (85) members.

64.     There are question of law or fact common to the class, which common issues predominate over any issues involving only individual class members.  The principal factual issues common to each class member are whether: (1) each class member was sued by the Debt Collector on behalf of the Operator using a form complaint, affidavit, and spreadsheet that fails to disclose that the Debt Collector is seeking an award of attorney fees but including an award of attorney fees as a proposed judgment; (2) the Debt Collector sent an initial communication that fails to include the notifications required by 15 U.S.C. § 1692g(a) and 1692e(11); (3) the Debt Collector sought an award of attorney fees without any statutory or contractual right to collect attorney fees; and (4) the Debt Collector's subsequent written communications issued in connection with the collection of any debt failed to include the "mini-Miranda" required by 15 U.S.C. § 1692e(11).  The principal legal issues are whether: (1) failing to disclose that the Debt Collector would be seeking an award of attorney fees violate 15 U.S.C. §§ 1692e, 1692e(2)(A); 1692e(2)(B); 1692e(10); (2) seeking an award of attorney fees when no contract or statute authorizes an award of attorney fees violates 15 U.S.C. §§ 1692e, 1692e(2)(A); 1692e(2)(B); 1692e(10); and (3) failing to include the

notifications and information required by 15 U.S.C. § 1692g(a) and 1692e(11) in communications with class members violates those respective section.

65. Plaintiff's claims are typical of those of the class members. All are based on the same facts and legal theories.

66. Plaintiff will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff, nor his counsel, have any interest which might cause them not to pursue this action vigorously.

67. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    A. The questions of law or fact common to the members of the class predominate over any questions affecting an individual member; and

    B. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

68. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

69. Plaintiff requests certification of a hybrid class of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

### COUNT I
**(Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)**

70. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

71. At all times material hereto, Plaintiff was a "consumer", as that term is defined under 15 U.S.C. § 1692a(3).

72. At all times material hereto, the debt the Debt Collector was attempting to collect was a "debt", as that term is defined under 15 U.S.C. § 1692a(5).

73. At all times material hereto, the Debt Collector was a "debt collector", as that term is defined under 15 U.S.C. § 1692a(6).

74. The FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. These prohibitions include, but are not limited to, making a "false representation of . . . the character, amount or legal status of any debt"; "[t]he false representation of . . . any . . . compensation which may be lawfully received by any debt collector for the collection of a debt"; and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt . . . ." 15 U.S.C. § 1692e(2)(A), (2)(B), and (10).

75. By seeking an award of attorney fees in lawsuits filed on behalf of the Operator but failing to disclose its intent to seek attorney fees in the complaint, affidavit, or spreadsheet, the Debt Collector has violated 15 U.S.C. § 1692e, including 1692e, 1692e(2)(A), 1692e(2)(B), and 1692e(10).

76. By seeking an award of attorney fees in lawsuits filed on behalf of the Operator when there is no statutory or contractual right to an award of attorney fees, the Debt collector has violated 15 U.S.C. § 1692e, including 1692e, 1692e(2)(A), 1692e(2)(B), and 1692e(10).

77. The FDCPA requires a debt collector to disclose in its initial communication in connection with the collection of any debt "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose . . . ." 15 U.S.C. § 1692e(11)

78. By failing to disclose in its initial communications with consumers that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, the Debt Collector has violated 15 U.S.C. § 1692e(11).

79. The FDCPA requires a debt collector to disclose in its communications in connection with the collection of any debt, subsequent to its initial communication, that the communication is from a debt collector. 15 U.S.C. § 1692e(11).

80. By failing to include in all subsequent communications with a consumer a statement that the communication is from a debt collector, the Debt Collector has violated 15 U.S.C. § 1692e(11).

81. In its initial communication with a consumer in connection with the collection of any debt, or within five days thereof, the debt collector is required to send the consumer a written notice containing—(1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

82. By failing to include in its initial communications with consumers, or within five days thereof, all of the information required by 15 U.S.C. § 1692g(a), the Debt Collector has violated 15 U.S.C. § 1692g(a).

83. The foregoing acts of the Debt Collector constitute violations of the FDCPA.

84. Plaintiff is entitled to actual and statutory damages in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Carlos A. Torales-Goldring, individually, and on behalf of all others similarly situated, prays for relief and judgment in her favor and in favor of the class against Linebarger Goggan Blair & Sampson LLP, as follows:

1. Declaratory judgment that the Debt Collector's practice of seeking an undisclosed award of attorney fees violates the FDCPA;

2. Statutory and actual damages, pursuant to 15 U.S.C. § 1692;

3. An award of attorney fees and costs pursuant to 15 U.S.C. § 1692k;

4. Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed under the law; and

5. Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: June 16, 2020

        Respectfully submitted,

        /s/ Daniel J. Vedra
        Daniel J. Vedra
        Vedra Law LLC
        1444 Blake Street
        Denver, CO 80202
        Phone: (303) 937-6540
        Fax: (303) 937-6547
        Email: dan@vedralaw.com
        **Counsel for Plaintiff**